## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Demeian Pinckney Bey, | ) | Case No.: 2:17-cv-3248 |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Berkeley 9th Judicial Circuit, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 12) recommending that Plaintiff's Complaint (Dkt. No. 1) be summarily dismissed with prejudice and without issuance of service of process. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court.

### I. Background and Relevant Facts

Plaintiff Demeian Pinckney Bey filed this civil action on December 1, 2017 pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff claims that he is a "Moorish American National" not subject to law (Dkt. No. 1 at 4) and sues seven Defendants involved in his state prosecution. The Magistrate Judge has described Plaintiff's Complaint in detail, correctly characterizing it as "largely nonsensical." (Dkt. No. 12 at 1-3.) Plaintiff's Complaint essentially claims that he is not subject to the state court's jurisdiction because he is a Moorish National. He seeks dismissal of all state charges against him and monetary damages.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

The Magistrate Judge explained in the R. & R. that this matter should be summarily dismissed because it "fails to state a plausible claim for relief, asserts frivolous claims, and seeks monetary damages from defendants who are immune from such relief." (Dkt. No. 12 at 4-13.) Objections to the R. & R. were due by February 26, 2018[1]. No party has filed Objections to the R. & R. In the absence of any specific objections, "a district court need not conduct a *de novo*

---

[1] The Docket indicates that Objections to the R. & R. were due by February 21, 2018. (Dkt. No. 12.) Plaintiff is afforded an additional three business days to account for his service by mail, so his Objections to the R. & R. were due by February 26, 2018.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

## IV.    Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 12) as the order of the Court. Plaintiff's Complaint is dismissed with prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 28, 2018
Charleston, South Carolina